IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NYEISHA DIXON, INDIVIDUALLY AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF ZYIAH SMITH, DECEASED                    PLAINTIFFS

v.                                          CIVIL ACTION NO. 4:25-CV-6-SA-DAS

MISSISSIPPI DEPARTMENT OF HUMAN
SERVICES, et al.                                              DEFENDANTS

ORDER AND MEMORANDUM OPINION

On December 16, 2024, Nyeisha Dixon ("Dixon") initiated this action by filing her Complaint [2] against multiple Defendants in the Circuit Court of Washington County, Mississippi. The case was removed to this Court. *See* [1]. The Third Amended Complaint [29] is now the operative complaint and includes the City of Greenville ("COG") as a Defendant, among others. Now before the Court is the COG's Motion for Judgment on the Pleadings [50]. The Motion [50] has been fully briefed and is ripe for review. Having considered the parties' filings, as well as the applicable authorities, the Court is prepared to rule.

*Relevant Factual and Procedural Background*

This civil action stems from the death of four-year-old Zyiah Smith ("Zyiah") in Greenville, Mississippi.

On May 22, 2019, Zyiah was born to her mother, Dixon, and father, Leonardo Smith ("Smith"). In February 2022, Dixon contracted COVID-19 and sent Zyiah to live with Smith while she was sick. According to the Third Amended Complaint [29], once Zyiah was in Smith's custody, he refused to let Dixon see her. At the outset, the Court notes that the Third Amended Complaint [29] is, at times, difficult to follow, but the following facts are alleged.

At some point after Smith took custody of Zyiah, Dixon began making reports and complaints to various state agencies about the whereabouts of Zyiah. Dixon alleges that the agencies failed to follow up on her complaints.

During this time, Dixon filed a Missing Person Report with the Greenville Police Department. Dixon's mother, Pamela Hall ("Hall"), also made similar reports and requests to state agencies and local law enforcement.

Sometime in 2023, Dixon and Hall received information that Zyiah was with Catricia Hardy ("Hardy") in Greenville. Later in 2023, Dixon received information that Zyiah was locked in an upstairs closet at Hardy's residence. After receiving this information, Dixon and Hall continued to make reports to state agencies but were turned away by employees claiming their concerns were unsubstantiated. At some point, Smith became concerned about Zyiah's whereabouts and made a separate report to the Greenville Police Department.

On January 7, 2024, COG Police Officers Fredrick Benford and Dechara Williams were dispatched to Hardy's residence to perform a welfare check. Upon arrival, the Officers were met by Smith who told them Hardy was at a different address and claimed he had not seen Zyiah since September 2023 when he left her with Hardy. The Officers then contacted Hardy and received information that Zyiah was locked in a bedroom closet at 2249 Johnnie Lane. According to the Third Amended Complaint [29], different officers were already at the Johnnie Lane address and conducted a search of the residence where they found Zyiah deceased inside the bedroom closet of Hardy's former residence. Dixon, both individually and on behalf of Zyiah's wrongful death beneficiaries, now brings claims under state and federal law.

*Legal Standard*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard to evaluate a motion under Rule 12(c) is the same as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Templeton v. Jarmillo*, 28 F.4th 618, 621 (5th Cir. 2022). For a complaint to survive a Rule 12(c) motion, it must "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). It need not contain detailed factual allegations, but it must go beyond formulaic recitations of the elements of a cause of action, labels, or legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). But the Court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020).

*Analysis and Discussion*

Dixon brings claims against the COG under federal and state law. The Court will first address the federal claims before turning to the state law claim.

I.      *Federal Claims*

In Dixon's Third Amended Complaint [29], she brings two federal claims. First, a claim for negligence per se under federal law. Then, a claim pursuant to 42 U.S.C. § 1983 for violation of due process under the Fourteenth Amendment.

a.  *Negligence per se*

Dixon alleges that the COG is liable under the Child Abuse Prevention and Treatment Act ("CAPTA"), a federal statute, for its failure to report and investigate Dixon's claims. Importantly, Dixon does not argue that CAPTA contains a private right of action. Instead, Dixon argues that

3

CAPTA required the creation of Mississippi Code § 43-21-353 which in turn imposed a mandatory reporting duty on the COG police officers. Then, Dixon concludes that the violation of the duty owed under Mississippi Code § 43-21-353, as required by CAPTA, supports a claim for federal negligence per se. Simply put, Dixon argues that the COG is liable for federal negligence per se based on a violation of a state statute.

To support this proposition, Dixon relies on *Johnson v. Sawyer* and asserts that the "turning point for a negligence per se claim under federal law is 'whether the duties set forth in the federal law are analogous to those set forth in local tort law.'" [57] at p. 6 (citing *Johnson v. Sawyer*, 47 F.3d 717, 729 (5th Cir. 1995)). Applying *Johnson*, she concludes that her federal negligence per se claim is viable because the COG police officers violated Mississippi Code § 43-21-353, which is required by CAPTA.

But context is important. The *Johnson* court considered a claim brought under the Federal Tort Claims Act ("FTCA"), a fact not applicable here. Under the FTCA, the sovereign immunity of the United States is waived for certain damages "caused by . . . an[] employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant *in accordance with the law of the place where the act or omission occurred.*" 28 U.S.C. § 1346(b) (emphasis added). An FTCA claim *requires* a violation of a state law duty. *Johnson*, 47 F.3d at 728-29.

In *Johnson*, the Fifth Circuit considered whether the FTCA's state law duty requirement could be predicated on a violation of a federal statute. *Id.* The *Johnson* court's discussion on negligence per se is siloed to the FTCA context. Importantly, the FTCA—unlike CAPTA—*does* create a private right of action. Despite Dixon's reliance on it, nothing in the Fifth Circuit's decision in *Johnson* creates or implies the existence of a federal negligence per se claim in this context. In

4

addition, Dixon fails to identify *any* authority to indicate that a freestanding federal negligence per se claim exists at all, much less in this particular context.

Ultimately, Dixon provides no authority (other than *Johnson*, which is inapplicable) to support her theory of relief, and this Court is likewise unaware of any such authority. Therefore, the Court finds dismissal of that claim to be appropriate.

### b. § 1983

Next, Dixon alleges that the COG failed to investigate and report allegations of child neglect and that those failures violated Zyiah's right to be free from neglect under the substantive due process protections of the Fourteenth Amendment.

To state a claim for a substantive due process violation against a municipality under § 1983, a plaintiff must demonstrate: (1) they were deprived of a cognizable constitutional right, (2) the municipality acted with deliberate indifference to the protected right, and (3) the policies or practices complained of were the direct cause of the constitutional deprivation. *Stukenberg v. Abbott*, 907 F.3d 237, 248 (5th Cir. 2018).

"[A]s a general rule, there is no constitutional duty that requires state officials to protect persons from private harms." *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010) (citing *DeShaney v. Winnebago Cnty. Dept. of Social Servs.*, 489 U.S. 189, 197, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989)). In light of this rule, the Court need not look past the first element—Dixon has not even alleged the deprivation of a cognizable constitutional right.

In her Third Amended Complaint [29], Dixon asserts that Hardy "abused and neglected [Zyiah]." [29] at p. 15. Notably absent is any contention whatsoever that the COG *itself* inflicted harm to Zyiah or that the COG had custody over Zyiah. *Deshaney*, 489 U.S. at 189, 109 S. Ct. 998 ("[W]hen the State takes a person into its custody . . . the Constitution imposes upon it a

corresponding duty to assume some responsibility for his safety or well-being."). As such, Dixon's own allegations do not assert a viable constitutional violation on the part of the COG. *Id.* at 197, 109 S. Ct. 998 ("[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."). Further, the Fifth Circuit, along with other district courts in the Circuit, has routinely held that "[f]ailure to investigate . . . an offense does not give rise to § 1983 liability." *Rolen v. City of Brownfield, Tex.*, 182 F. Appx. 362, 364 (5th Cir. 2006) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 582 (5th Cir. 2001); *see also Crooms v. Police Dept. City of Abbeville*, 2025 WL 612962, at *2 (W.D. La. Jan. 24, 2025) (same); *Showers v. City of Bay St. Louis*, 2022 WL 989149, at *9 n.7 (S.D. Miss. Mar. 31, 2022) (same). Therefore, Dixon cannot state a legally sufficient claim under § 1983 against the COG because, even taking her allegations as true, she has not alleged a viable constitutional violation.[1]

In her Memorandum [57], Dixon articulates the need to obtain discovery to further develop her failure to train and supervise theory. However, that discovery is unnecessary in light of the fact that she has not alleged a constitutional violation. A failure to train or supervise claim *requires* the plaintiff to show a violation of a constitutional right. *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (citing *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001)); *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997) ("Without an underlying constitutional violation, an essential element of municipal liability is missing[.]"); *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 869 (5th Cir. 2012) (same).

---

[1] Arguing for a contrary outcome, Dixon emphasizes the District Court for the Western District of Texas' decision in *Lozano v. Baylor Univ.*, 408 F. Supp. 3d 861 (W.D. Tex. 2019). There, the district court found an exception to the general rule that there is no constitutional duty to protect persons from private harms; however, this finding rested on the fact that the plaintiff alleged that "Waco Police actively cooperated with Baylor University to conceal alleged criminal conduct by student-athletes" which ultimately increased the danger to which the plaintiff and others were subjected. *Id.* at 888. *Lozano* is easily distinguishable as Dixon fails to make any allegation of that nature against the COG.

Dismissal of Dixon's substantive due process claim is appropriate.

II.     State Law Claim

Dixon also brings a state law claim for negligence per se for failure to comply with Mississippi Code § 43-21-353, the same state statute referenced in connection with her federal negligence per se claim. Although not explicitly stated in the Third Amended Complaint [29], the claim may only be brought under the Mississippi Tort Claims Act ("MTCA") since it is the exclusive state law remedy for tort claims against governmental entities and employees. *See* MISS. CODE ANN. § 11-46-7(1).

In general, Mississippi and its political subdivisions, including cities, have sovereign immunity. *Williams v. City of Batesville*, 313 So. 3d 479, 482 (Miss. 2021) (citing MISS. CODE ANN. § 11-46-3). "But the [Mississippi] Legislature waived sovereign immunity for 'claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment.'" *Id.* (quoting MISS. CODE ANN. § 11-46-5(1)).

The Mississippi Supreme Court has made clear that "the MTCA does not grant a right to recover based on a mere violation of [a] statute . . . where no private right of action exists." *Wilcher v. Lincoln Cnty. Bd. of Supervisors and City of Brookhaven, Mississippi*, 243 So.3d 177, 184 (Miss. 2018). Further, the Mississippi Supreme Court has held that it "will not find a private cause of action when there is no apparent legislative intent to establish one," and "the party asserting a right of action . . . [bears] the burden of establishing the required legislative intent." *Id.* at 184 n.11 (citing *Hill v. City of Horn Lake*, 160 So.3d 671, 681 (Miss. 2015)). Simply stated, for a viable negligence per se claim to lie, the underlying statute of which a violation is alleged must contain a private right of action. *Id.* at 184.

7

Here, the *only* claim alleged against the COG is a violation of Mississippi Code § 43-21-353. Dixon does not allege that provision contains a private right of action, and the Court, having reviewed the statute, is not of the opinion that the Legislature intended to create one. Thus, applying the Mississippi Supreme Court's framework in *Wilcher*, Dixon's claim of negligence per se fails for this reason alone, which again, is the *only* state law claim alleged against the COG.[2]

Like the federal claims, dismissal of Dixon's state law claim is appropriate.

*Conclusion*

For the reasons set forth above, the COG's Motion to Judgment on the Pleadings [35] is GRANTED. In reaching this conclusion, the Court again notes that the Third Amended Complaint [29] is far from a model of clarity. The Court has endeavored to construe all allegations in Dixon's favor, but dismissal is nevertheless appropriate.

All claims asserted against the COG are DISMISSED *with prejudice*. The Clerk of Court is directed to terminate the COG as an active defendant on the docket. The previously-imposed stay is hereby LIFTED. The Magistrate Judge will hold a conference with the remaining parties in due course.

SO ORDERED, this the 7th day of July, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the COG makes an additional argument that Dixon's claim is barred by Mississippi Code § 11-46-5(2) because Mississippi Code § 43-21-353 is a criminal statute. While it appears this argument the COG is correct, the Court need not delve into this issue as it already found Dixon's claim is not viable.